JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

JOSHUA S. PRESS
Trial Attorney
     United States Department of Justice
     Civil Division
     Office of Immigration Litigation
     District Court Section
     P.O. Box 868, Ben Franklin Station
     Washington, DC 20044
     Telephone: (202) 305-0106
     Facsimile: (202) 305-7000
     e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| VVP ADVISORS, INC., | Case No. SACV 19-919-AG (KESx) |
|    Plaintiff, | |
| *v.* | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT** |
| KATHY A. BARAN, *et al.*, [1] | |
|    Defendants. | Hon. Andrew J. Guilford |

[1]   On June 10, 2019, Kenneth Cuccinelli II assumed duties as the Acting Director of Defendant U.S. Citizenship and Immigration Services, automatically substituting for Defendant Mark Koumans, former Acting Director, as a party in accordance with Federal Rule of Civil Procedure 25(d).

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Kathy A. Baran, Director of U.S. Citizenship and Immigration Services' ("USCIS") California Service Center and Kenneth Cuccinelli II, Acting Director of USCIS, each in their official capacities (collectively, "Defendants"), by their undersigned attorneys, respond to the allegations contained in the numbered paragraphs of the Plaintiff's Complaint (ECF No. 1) as follows:

## INTRODUCTION

1.      Paragraph 1's first sentence of the Plaintiff's Complaint consists of Plaintiff's conclusory legal characterization of this action, which requires no response. If the Court requires a response, Defendants deny. Defendants deny Paragraph 1's second and third sentences for lack of knowledge or information sufficient to form a belief as to their truth.

2.      Paragraph 2 of the Plaintiff's Complaint consists of statements and characterizations of law, specifically the H-1B program authorized by the Immigration and Nationality Act ("INA"), 8  U.S.C. § 1101(a)(15)(H)(i)(b), but the statute referred to speaks for itself and requires no response.

3.      Defendants deny Paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4.      Paragraph 4 of the Plaintiff's Complaint consists of characterizations of documents submitted to USCIS in the course of the denial Plaintiff is now seeking this Court's review. But those documents attached to the Plaintiff's Complaint and included within the Certified Administrative Record ("CAR") speak for themselves and require no response. If the Court requires a response, Defendants deny.

5.      Paragraph 5 of the Plaintiff's Complaint consists of Plaintiff's conclusory legal allegations challenging the instant denial to be reviewed by this Court, which requires no response. If the Court requires a response, Defendants deny.

6.      Paragraph 6 of the Plaintiff's Complaint consists of Plaintiff's conclusory legal allegations challenging the instant denial to be reviewed by this Court, which requires no response. If the Court requires a response, Defendants deny.

## JURISDICTION

7.      Paragraph 7 is a statement of jurisdiction and requires no response. If the Court requires a response, Defendants deny that the Court has subject matter jurisdiction over Plaintiffs' Complaint.

## VENUE

8.      Paragraph 8 of the Plaintiff's Complaint consists of a legal conclusion relating to venue, which requires no response. If the Court requires a response, Defendants admit that venue is proper.

## EXHAUSTION OF REMEDIES

9.      Paragraph 9 of the Plaintiff's Complaint consists of a legal conclusion relating to exhaustion of administrative remedies, which requires no response. If the Court requires a response, Defendants deny.

## PARTIES

10.      Defendants deny Paragraph 10 of the Plaintiff's Complain for lack of knowledge or information sufficient to form a belief as to their truth.

11.      Defendants admit Paragraph 11 of the Plaintiff's Complaint.

12.      Defendants admit Paragraph 12 of the Plaintiff's Complaint.

13.      Defendants deny Paragraph 13 of the Plaintiff's Complaint. *See supra* at n.1.

## LEGAL BACKGROUND

14.      Paragraph 14 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response.

15.      Paragraph 15 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response.

16.      Paragraph 16 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response. If the Court requires a response, Defendants admit.

17.    Paragraph 17 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response. To the extent Paragraph 17 contains factual allegations, Defendants deny Paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth because they do not know what Plaintiff is referring to within Paragraph 17 by saying that it "classified the position [at issue] under the [Standard Occupational Classification] for Biological Scientiest[.]"

18.    Paragraph 18 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response. If the Court requires a response, Defendants admit.

19.    Paragraph 19 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response. If the Court requires a response, Defendants admit.

20.    Paragraph 20 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response. If the Court requires a response, Defendants admit, except to the extent Plaintiff characterizes USCIS's computer-generated, random-selection process for H-1B petitions as a "lottery."

21.    Paragraph 21 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response.

22.    Paragraph 22 of the Plaintiff's Complaint consists of a block quotation from a regulation about the H-1B program, but that regulation speaks for itself and require no response. If the Court requires a response, Defendants admit.

## **FACTUAL ALLEGATIONS**

23.    Defendants deny paragraph 23 of the Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

24.    Defendants admit the first sentence of Paragraph 24, but deny Paragraph 24's second sentence for lack of knowledge or information sufficient to form a belief as to its truth.

25.    Defendants deny Paragraph 25 of the Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

26.    Defendants deny Paragraph 26's first sentence for lack of knowledge or information sufficient to form a belief as to its truth. Defendants admit the remainder of Paragraph 26, except for the characterization that "the H1B1 is less desirable…."

27.    Defendants admit the first sentence in Paragraph 27.  Defendants deny the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

28.    Paragraph 28 of the Plaintiff's Complaint consists of characterizations of a document submitted to USCIS in the course of the denial Plaintiff is now seeking this Court's review. But that document, attached to the Plaintiff's Complaint and included within the CAR, speaks for itself and requires no response. If the Court requires a response, Defendants deny.

29.    Defendants admit Paragraph 29 of the Plaintiff's Complaint, except to the extent Plaintiff characterizes USCIS's computer-generated, random-selection process for H-1B petitions as a "lottery."

30.    Paragraph 30 of the Plaintiff's Complaint consists of characterizations of USCIS's Request for Evidence ("RFE") made in the course of, and respecting thereto, the denial Plaintiff is now seeking this Court's review. But that document, included within the CAR, speaks for itself and requires no response. If the Court requires a response, Defendants deny.

31.    Paragraph 31 of the Plaintiff's Complaint consists of characterizations of documents provided to USCIS respecting the denial Plaintiff is now seeking this Court's

review. But those documents, attached to the Plaintiff's Complaint and included within the CAR, speak for themselves and require no response. If the Court requires a response, Defendants deny.

32.    Paragraph 32 of the Plaintiff's Complaint consists of characterizations of documents provided to USCIS respecting the denial Plaintiff is now seeking this Court's review. But those documents, attached to the Plaintiff's Complaint and included within the CAR, speak for themselves and require no response. If the Court requires a response, Defendants deny.

33.    Paragraph 33 of the Plaintiff's Complaint consists of characterizations of the denial Plaintiff is now seeking this Court's review. But that document, attached to the Plaintiff's Complaint and included within the CAR speaks for itself and requires no response. If the Court requires a response, Defendants deny.

34.    Paragraph 34 of the Plaintiff's Complaint consists of characterizations of the denial Plaintiff is now seeking this Court's review. But that document, attached to the Plaintiff's Complaint and included within the CAR speaks for itself and requires no response. If the Court requires a response, Defendants deny.

35.    Defendants deny Paragraph 35's first sentence. USCIS lacks the (meta-) physical and statutory power to "create[] an alternate universe" according to both the Laws of Thermodynamics and United States Code, respectively. Defendants deny Paragraph 35's second sentence as it is a legal conclusion masquerading as a factual allegation. Defendants admit Paragraph 35's third sentence.

36.    Paragraph 36 of the Plaintiff's Complaint consists of statements and characterizations of law about the H-1B program, but the statute, regulations, and public guidance related to that program speak for themselves and require no response. To the extent Paragraph 36 incorporates Paragraph 21 by reference, the same objection also applies and thus requires no response. Defendants deny the remaining factual allegations within Paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37.    Defendants admit the first sentence within Paragraph 37. Paragraph 37's second sentence is a legal conclusion and thus requires no response. If the Court requires a response to Paragraph 37's second sentence, Defendants deny.

## CLAIMS

38.    Paragraph 38 simply incorporates the preceding paragraphs by reference and thus requires no response. If the Court requires a response, Defendants deny.

39.    Paragraph 39 consists of a legal conclusion and thus requires no response. If the Court requires a response, Defendants deny.

40.    Paragraph 40 consists of a quotation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), which speaks for itself and requires no response. If the Court requires a response, Defendants admit.

41.    Paragraph 41 consists of a legal conclusion and thus requires no response. If the Court requires a response, Defendants deny.

42.    Paragraph 42 consists of a legal conclusion and thus requires no response. If the Court requires a response, Defendants deny.

43.    Paragraph 43 consists of a legal conclusion and thus requires no response. If the Court requires a response, Defendants deny.

44.    Paragraph 44 consists of a legal conclusion and thus requires no response. If the Court requires a response, Defendants deny.

45.    Paragraph 45 consists of a legal conclusion and thus requires no response. If the Court requires a response, Defendants deny.

## REQUEST FOR RELIEF

Plaintiff's Prayer for Relief contains no factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted.

## **AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's complaint and as separate affirmative defenses, Defendants state as follows:

1.     The Court lacks subject matter jurisdiction over Plaintiff's complaint.

2.     Plaintiff's complaint and each cause of action therein fails to state a claim upon which relief may be granted.

3.     Plaintiff failed to exhaust his administrative remedies.

4.     Plaintiff has suffered no injury.

5.     Plaintiff's allegations concern or involve facts and events outside the administrative record.

6.     Relief should be denied as an exercise of judicial discretion to withhold relief.

7.     Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, statute of limitations, and fraud.

8.     Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants, having fully answered the Plaintiff's Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Dated: July 15, 2019                    Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        WILLIAM C. PEACHEY
                                        Director

                                        GLENN M. GIRDHARRY
                                        Assistant Director

                                   By:  */s/ Joshua S. Press*
                                        JOSHUA S. PRESS
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division
                                        Office of Immigration Litigation
                                        District Court Section
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, DC 20044
                                        Telephone: (202) 305-0106
                                        Facsimile: (202) 305-7000
                                        e-Mail: joshua.press@usdoj.gov

                                        *Attorneys for Defendants*

9